# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ROBERT BRAYSHAW,

    Plaintiff,

vs.                                      CASE NO. 4:09-cv-373/RS-WCS

CITY OF TALLAHASSEE,
FLORIDA and WILLIAM MEGGS,
in his official capacity as State Attorney,
Second Judicial Circuit, State of Florida,

    Defendants.

_____/

## **ORDER**

Before me are Defendant Megg's motion to dismiss (Doc. 34) and Plaintiff's response (Doc. 42). In the Order dated April 19, 2010, (Doc. 56) the parties were directed to show cause why these motions should not be construed as motions for summary judgment pursuant to Fed. R. Civ. P. 12(d). Defendant Meggs and Plaintiff have stipulated that I should construe their motions as cross motions for summary judgment, and that no further briefing is necessary (Doc. 59). Defendant City of Tallahassee did not respond to the Order, and therefore has failed to show cause why the motions should not be construed as motions for summary judgment.

1

Seeing no cause not to construe the motions as summary judgment motions, I will construe them as such.

## I. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(c)(2), summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Clemons v. Dougherty County,* 684 F.2d 1365, 1368 (11th Cir. 1982). There is no dispute between the parties regarding the facts of the instant case. The parties have agreed that the sole issue in this case--the constitutionality of Florida Statute § 843.17—is purely one of law. Therefore, it is appropriate to resolve this case on its merits through summary judgment.

## II. BACKGROUND

In 2008, Plaintiff Robert Brayshaw posted a series of comments about Tallahassee Police Officer Annette Garrett on the website Ratemycop.com. In particular, Plaintiff posted the following on the website on March 31, 2008:

> Annette Pickett Garrett, 47 years old, 7 kids, Single, Divorced Anthony Edward "Tony" Drzewiecki, 38 yo, Home:1929 Queenswood Drive, Tallahassee, Florida 32303-7123, Home Est. $167,500. Built in 1973, 1669 square feet. Cingular Cell-Phone: (850) 228-4567, E-Mail Address: AGARRETIOO@Comcast.net.

The information about Officer Garrett was truthful and publicly available. Following this posting, the Tallahassee Police Department opened an investigation and subpoenaed records from Ratemycop.com and Plaintiff's internet provider,

leading to Plaintiff's arrest in May of 2008.  Plaintiff was charged by the State with a violation of Fla. Stat. § 843.17, which had been adopted by the City of Tallahassee as part of its city code in Section 12-1.  Section 843.17 states:

> **Publishing name and address of law enforcement officer**
>
> Any person who shall maliciously, with intent to obstruct the due execution of the law or with the intent to intimidate, hinder, or interrupt any law enforcement officer in the legal performance of his or her duties, publish or disseminate the residence address or telephone number of any law enforcement officer while designating the officer as such, without authorization of the agency which employs the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

On December 9, 2008, the state dismissed the charge against Plaintiff by entering a nolle prosequi.  The charge was re-filed less than two weeks later.  On April 15, 2009, the charge was dismissed with prejudice on due to the State's failure to comply with the speedy trial requirements of Fla. R. Crim. P. 3.191.  Plaintiff claims he desires to again publish truthful information regarding the addresses and phone numbers of Tallahassee police officers, but has refrained from doing so because of fear of being arrested and prosecuted again.

Plaintiff now brings this action against Defendants City of Tallahassee and State Attorney William Meggs challenging the constitutionality of Section 843.17.  Tallahassee City Code Section 12-1 was repealed on January 28, 2009; therefore I dismissed Plaintiff's claims for declaratory and injunctive relief against the City of Tallahassee.  (Doc. 33).  Thus, the only claim that remains against Defendant City

of Tallahassee is for monetary damages. Plaintiff's claim for declaratory and injunctive relief remains as to Defendant Meggs. The only issue to be resolved to determine liability in all remaining claims is the constitutionality of Fla. Stat. § 843.17.

### III. ANALYSIS

#### A. Standing

It is clear that Plaintiff has standing to bring his claim, and neither Defendant has challenged Plaintiff's standing. It is not necessary that a plaintiff first expose himself to actual arrest or prosecution to be entitled to challenge a statue that he claims deters the exercise of his constitutional rights, but a plaintiff must demonstrate an actual and well-founded fear that the law will be enforced against him. *Dermer v. Miami-Dade County*, 599 F.3d 1217, 1220 (11th Cir. 2010), citing *Steffel v. Thompson*, 415 U.S. 452, 459, 94 S.Ct. 1209 (1974), *Virginia v. Am. Booksellers Ass'n,* 484 U.S. 383, 393, 108 S.Ct. 636 (1988). Plaintiff Brayshaw has already been arrested and prosecuted for violating § 843.17, and therefore logically has a well-founded fear that the law will be enforced against him again should he exercise the same conduct.

#### B. Constitutionality

The First Amendment to the United States Constitution, as applied to the States by the Fourteenth Amendment, prohibits Congress and the States from

"abridging the freedom of speech." U.S. CONST. amends. I & XIV. A challenge to a statute on First Amendment grounds requires that I first consider whether the speech or conduct is protected by the United States Constitution. *CLEAN-UP '84 v. Heinrich,* 759 F.2d 1511, 1513 (11th Cir. 1985), citing *City Council v. Taxpayers for Vincent,* 466 U.S. 789, 104 S.Ct. 2118 (1984). If the answer is affirmative, I then consider whether the statute is unconstitutional on its face. *Id.*

### *Protected Speech*

There are few categories of speech that are not protected by the First Amendment. For example, the First Amendment does not protect certain *modes* of speech or expression, including true threats, fighting words, incitements to imminent lawless action, and classes of lewd and obscene speech. *Sheehan v. Gregoire,* 272 F. Supp. 2d 1135, 1141 (W.D. Wash. 2003). Defendant argues that the scienter provision in the statute (requiring malice and intent to intimidate on the part of the speaker) is sufficient to bring the proscribed speech out of the realm of protection by the Constitution. However, the release of personal information, even with the intent to intimidate, is not per se a true threat. *Id.*

"'True threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black,* 538 U.S. 343, 359, 123 S.Ct. 1536, 1548 (2003). "Intimidation in the constitutionally

proscribable sense of the word is a type of true threat, where the speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death." *Id.* at 360. Simply publishing an officer's phone number, address, and e-mail address is not in itself a threat or serious expression of an intent to commit an unlawful act of violence. Indeed, the word "threat" appears nowhere in § 843.17, nor was there any threat of violence made by Plaintiff in conjunction with his posting of Officer Garrett's address and phone number. Furthermore, unlike the cross-burning proscribed in *Virginia v. Black*, publishing personal information of police officers does not have a "long and pernicious history as a signal of impending violence" which would allow me to regard it as a "true threat." Merely publishing an officer's address and phone number, even with intent to intimidate, is not a "true threat" as defined in constitutional law jurisprudence.

Similarly, the speech prohibited by § 843.17—addresses and telephone numbers of police officers—are not "fighting words" or incitements to imminent lawless action. Thus, on its face, § 843.17 does not purport to regulate true threats or any other mode of constitutionally proscribable speech. Defendant cites no authority for the proposition that truthful, lawfully-obtained, publicly-available personal identifying information constitutes any mode of constitutionally proscribable speech. Rather, disclosing and publishing information obtained


elsewhere is precisely the kind of speech that the First Amendment protects. *Sheehan*, 272 F. Supp. at 1142, citing *Bartnicki v. Vopper,* 532 U.S. 514, 527, 121 S.Ct. 1753 (2001).

Defendant argues that the speech proscribed by § 843.17, including Plaintiff's speech, is not protected because it is not media publication of a matter of public significance under *Florida Star v. B.J.F.*, 491 U.S. 524, 109 S.Ct. 2603 (1989) and *Smith v. Daily Mail Pub. Co.*, 443 U.S. 97, 99 S.Ct. 2667 (1979), nor it is "core political speech." (Doc. 34 at 8). However, the issue of police accountability is certainly political and of legitimate public interest. *Sheehan,* 272 F. Supp. 2d at 1139 n.2, 1145. The publication of truthful personal information about police officers is linked to the issue of police accountability through aiding in achieving service of process, researching criminal history of officers, organizing lawful pickets, and other peaceful and lawful forms of civic involvement that publicize the issue. *See id.* Furthermore, Plaintiff as an individual is afforded no less rights than those afforded to the media, nor is the level of First Amendment scrutiny altered by the fact that the internet was the medium used by Plaintiff. *See Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 784, 105 S.Ct. 2939 (1985); *Reno v. ACLU,* 521 U.S. 844, 870, 117 S.Ct. 2329 (1997). Thus, Plaintiff's speech, and that proscribed by § 843.17, is protected by the First Amendment.

*Unconstitutional On Its Face*

Because the speech at issue is constitutionally protected, I now consider whether the statute is constitutional on its face. State action to punish the publication of truthful information seldom can satisfy constitutional standards. *Smith v. Daily Mail Pub. Co.*, 443 U.S. 97, 102, 99 S.Ct. 2267, 2670 (1979). The Supreme Court has held that if a newspaper "publishes truthful information which it has lawfully obtained, punishment may lawfully be imposed, if at all, only when narrowly tailored to a state interest of the highest order." *Florida Star v. B.J.F.*, 491 U.S. 524, 541, 109 S.Ct. 2603 (1989). Analytically, an individual should be treated no differently under the First Amendment than a newspaper. *See Sheehan* at 1145. "[T]he First Amendment does not 'belong' to any definable category of persons or entities: It belongs to all who exercise its freedoms." *First Nat. Bank. of Boston v. Bellotti,* 435 U.S. 765, 802 (1978) (Burger, C.J., concurring). Thus, pursuant to *Florida Star,* § 843.17 can only pass constitutional muster if it is "narrowly tailored to a state interest of the highest order." *Florida Star* at 541.

While the state interest of protecting police officers from harm or death may be compelling, § 843.17 is not narrowly tailored to serve this interest. Section 843.17 fails to require there be a credible threat of danger to the officer, and thus fails to proscribe "true threats."[1] The statute is therefore both underinclusive and

---

[1] Proscribing true threats is permissible under the Constitution. *See Watts v. U.S.*, 394 U.S. 705, 89 S.Ct. 1399 (1969).

overinclusive. It is overinclusive in proscribing speech that is not a true threat. It is underinclusive both in its failure to prohibit dissemination of the same information by other entities to third-parties who do intend to harm or intimidate officers, and in its failure to punish parties who actually wish to harm or intimidate police officers and obtain the officer's identifying information. *See Sheehan* at 1147. Furthermore, punishing Plaintiff for his dissemination of information which is already publicly available is relatively unlikely to advance the interests claimed by the State. *See Florida Star* at 535. Because § 843.17 is not narrowly tailored to the state's interest, it is unconstitutional on its face.[2]

Additionally, § 843.17 on its face is a content-based restriction on speech. Government regulation of expressive activity is only content-neutral so long as it is justified without reference to the content of the regulated speech. *DA Mortg., Inc. v. City of Miami Beach*, 486 F.3d 1254, 1266 (11th Cir. 2007). Section 843.17 is clearly content-based, as it restricts speech based its subject. Content-based regulations are presumptively invalid and subject to a strict scrutiny analysis. *See R.A.V. v. City of St. Paul*, 505 U.S. 377, 382, 112 S.Ct. 2538, 2542 (1992), *DA Mortg., Inc.* at 1266. Therefore, for the same reasons outlined above, § 843.17

---

[2] The result is no different under the intermediate scrutiny test advocated by Defendant. Section 843.17 fails to further the state's interest of protecting officers from true threats, and due to its overinclusiveness the restriction on First Amendment freedoms is greater than essential to further the asserted interest. *Ranch House, Inc. v. Amerson*, 238 F.3d 1273, 1285 (11th Cir. 2001).

again does not pass the strict scrutiny test by failing to be narrowly tailored to serve the government interest.

*Limiting Construction*

Although ambiguous statutory language should be construed to avoid serious constitutional doubts, I may only impose a limiting construction on a statute if it is "readily susceptible" to such a construction. *U.S. v. Stevens,* ---S.Ct. ----, 2010 WL 1540082, *13, citing *Reno v. American Civil Liberties Union,* 521 U.S. 844, 884, 117 S.Ct. 2329 (1997). Courts should not rewrite a law to conform it to constitutional requirements, for doing so would constitute a serious invasion of the legislative domain and sharply diminish Congress's incentive to draft a narrowly tailored law in the first place. *Id.* Section 843.17 would require rewriting, not just reinterpretation, and therefore is not "readily susceptible" to a limiting construction.

Accordingly, I find Florida Statute § 843.17 proscribes protected speech without being narrowly tailored to serve a compelling government interest, and is therefore unconstitutional and invalid. Because the statute is unconstitutional on these grounds, I need not also determine whether the statute is also void for vagueness and unconstitutional as applied to Plaintiff.

# IV. CONCLUSION

Summary judgment is granted for Plaintiff against both Defendants.

**IT IS ORDERED:**

1) Fla. Stat. § 843.17 is invalid as unconstitutional under the First and Fourteenth Amendments.

2) Enforcement of Fla. Stat. § 843.17 is permanently enjoined.

3) The clerk is directed to enter judgment in favor of Plaintiff against Defendant City of Tallahassee in the amount of $25,000, pursuant to the parties' stipulation (Doc. 58).

4) The clerk is directed to close the file.

**ORDERED** on April 30, 2010.

                              **/s/ Richard Smoak**
                              **RICHARD SMOAK**
                              **UNITED STATES DISTRICT JUDGE**